IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATHANIEL V. BLACKMORE : CIVIL ACTION
:
v. :
:
AMERICAN INFRASTRUCTURE : NO. 08-cv-2302-JF

MEMORANDUM

Fullam, Sr. J.                                                     June 1, 2009

    Plaintiff, an African-American worker, has sued Defendant construction company, which is the parent company of his former employer. Plaintiff alleges that he experienced various incidents of racial discrimination while on the job, and Defendant has now moved for summary judgment on all claims. For the reasons that follow, I conclude that Plaintiff has not met his *prima facie* burden of showing intentional discrimination. I will therefore grant Defendant's motion, and I will dismiss all of Plaintiff's claims.

    Plaintiff alleges that he was the victim of racial discrimination during his employment with Alan A. Meyers Co. (AAM), which is a subsidiary of Defendant American Infrastructure. AAM is a construction company that hires minority workers through third-party recruiters. One such recruiter, Mr. John Ross, helped Plaintiff complete a job application and arranged an interview with officers of AAM. As a result of that interview, AAM hired Plaintiff as a laborer on

June 14, 2004. According to his job description, Plaintiff's duties included assisting other workers, digging, spreading dirt/gravel, cleaning tools and work areas, and other "manual tasks."

Plaintiff alleges that racial discrimination plagued his work environment and motivated his termination, and he asserts theories of disparate treatment, hostile work environment, and retaliation. Plaintiff argues that he was the victim of two types of discriminatory acts. First, Plaintiff testified that he overheard a supervisor and workers using the word "niggerhead." Second, for a portion of his time with AAM, Plaintiff was the only worker assigned to clean the worksite, collecting trash and depositing it in a dumpster. Plaintiff asserts claims under Title VII, 42 U.S.C. § 1981, and the PHRA, and the relevant elements of those claims are identical. Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999).

Where, as here, a plaintiff lacks direct evidence of discrimination, courts apply the McDonnell v. Douglas shifting burden of production. 411 U.S. 792 (1973). Under that approach, a plaintiff bears the burden of making a *prima facie* showing of intentional discrimination. The elements of this showing vary with a plaintiff's theory of recovery (*i.e.* disparate treatment, retaliation, or hostile environment). If a plaintiff meets this *prima facie* burden, then the burden of production shifts to the

defendant to articulate a legitimate reason for the challenged conduct. If the defendant provides such a reason, then the burden shifts back to the plaintiff, who must prove that the defendant's reason is, in reality, a pretext for discrimination.

For the purposes of his disparate treatment theory, Plaintiff's trash-cleanup assignments do not amount to an adverse employment action. Plaintiff was hired as a general laborer and his duties included, among other things, cleanup of worksites. Plaintiff's assignment to perform trash-cleanup did not change his responsibilities and did not alter the benefits or terms of his employment.

Although Plaintiff's termination certainly qualifies as an adverse employment action, he fails to meet his *prima facie* burden of showing disparate treatment because he has not identified any other worker who was treated differently. AAM offered a simple explanation for firing Plaintiff: his history of excessive absenteeism and late arrivals at work. In an attempt to establish that his termination allows an inference of discrimination, Plaintiff has identified a Caucasian worker, Kevin Keating, as an alleged comparator. Just like Plaintiff, however, Mr. Keating was terminated for excessive absences. Without an adequate comparator, Plaintiff's disparate treatment theory fails.

Plaintiff cannot recover on his theory of hostile work environment because he has not introduced evidence of "severe or pervasive" intentional discrimination at AAM. During his employment, Plaintiff overheard other workers using the word "niggerhead," and he assumed that they were referring to him. When Plaintiff asked a coworker about this word, he was told that it refers to a type of rock, and definitions in both Webster's and the Oxford English Dictionary support that explanation. Plaintiff has offered only speculation, not evidence, to suggest that workers used "niggerhead" in an act of intentional discrimination.

Plaintiff also acknowledges that no one ever used "niggerhead" or any racially offensive language when speaking directly to him. Even if the record reflected some worksite use of "niggerhead" as a reference to African-Americans, then the mere use of that word within Plaintiff's earshot could only establish that these were offhand comments, which do not support a claim of hostile work environment. See Caver v. City of Trenton 420 F.3d 243, 263 (3d Cir. 2005).

Finally, Plaintiff has failed to meet his *prima facie* burden of showing retaliation because no evidence links his complaints to his termination. Plaintiff has testified that he complained about his treatment to the third-party minority recruiter and an independent consultant who monitored Plaintiff's training for

4

PennDOT.  The parties dispute whether and how Plaintiff expressed his dissatisfaction, but they agree that neither individual informed AAM of Plaintiff's complaints.  Because no one at AAM knew that Plaintiff had complained, those complaints could not have factored into AAM's decision to fire him.  Plaintiff's retaliation claim therefore fails.

In sum, the record does not contain sufficient evidence for Plaintiff to recover on his intentional discrimination claim. Plaintiff has not offered evidence to link his treatment to some racial animus, and to the extent that Plaintiff alleges wrongful termination, the record reflects that, like other Caucasian employees, he was fired for an unsatisfactory attendance record. I will therefore grant Defendant's motion for summary judgment as to Counts I and III of the Complaint and dismiss those counts with prejudice.  Because Plaintiff has withdrawn his only remaining claim (Count II), I will dismiss the case.

An appropriate order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,  Sr. J.